## RAILROAD COMMISSION OF TEXAS et al. v. COLEMAN BROS.

### No. 11960.

Court of Civil Appeals of Texas. Dallas.
Jan. 12, 1935.

698

Carl L. Phinney, of Dallas, and Archie D. Gray, of Waxahachie, for appellants.

Henry Klepak, of Dallas, for appellee.

BOND, Justice.

This is an appeal from an order of a district judge of Dallas county, Tex., granting a temporary restraining order against the Railroad Commission of Texas and the Attorney General of Texas from interfering with appellee's operation of motor vehicles for hire over the highways of this state.

In appellee's application for the injunctive order, complaint is made of a decision and order of the Railroad Commission in refusing appellee's right to operate a motor vehicle on a certain highway within this state, and against the state's attorney, who, it is claimed, threatens, in the performance of his statutory duties, to go into the courts of this state to prosecute appellee for the violation of the commission's orders.

The Legislature enacted House Bill No. 335, during the regular session of the Forty-Second Legislature (Vernon's Ann. Civ. St. art. 911b, §§ 1–15a, 17–19, 22b, 22c and P. C. art. 1690b), regulating motor carriers of freight for hire over the highways of Texas, and vested the Railroad Commission with the power and authority to regulate such carriers in conformity therewith, and title 25, art. 911b, § 20, Vernon's Ann. Civ. St., provides that: "If any motor carrier or other party at interest be dissatisfied with any decision, rate, charge, rule, order, act, or regulation adopted by the Commission, such dissatisfied person, association, corporation, or party after failing to get relief from the Commission may file a petition setting forth the particular objection to such decision, rate, charge, rule, order, act or regulations, or to either or all of them in the District Court in Travis County, Texas, against said Commission as defendant."

Without passing on the merits of the suit, suffice to state that the recited motor statute confers jurisdiction of such causes on the district court of Travis county, Tex.; hence the district court of Dallas county is without jurisdiction to determine the merits of the cause or to make the restraining order involved on this appeal. The Legislature having specially authorized such action to be brought against the Railroad Commission of Texas, and the issues involved in the application to be determined in a designated forum, district court of Travis county, we must give effect to the Legislature's intendment; therefore the judgment of the lower court is reversed, this appeal dismissed, and the restraining order dissolved.

Appeal dismissed.